1

2

3

4

5

6

7

8          **UNITED STATES DISTRICT COURT**

9          **SOUTHERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| 11   MICHAEL J. BEVERIDGE, | CASE NO. 15cv2209-LAB (JMA) |
| 12                                    Plaintiff, | **ORDER ON MOTION TO DISMISS** |
| 13          vs.<br>THE DEPARTMENT OF THE NAVY, et<br>al., | |
| 14 | |
| 15                                    Defendants. | |

16          This case arises out of Michael Beveridge's employment with the Naval Sea Systems

17   Command ("NAVSEA"), which he alleges is a governmental entity that builds, acquires, and

18   maintains Navy ships. (Docket no. 1, ¶ 4.)  He alleges that he took efforts to report waste,

19   fraud, and abuse, and filed union grievances against some of the defendants he named in

20   this case. (*Id.*, ¶ 16.)  As a result, he contends, the defendants made false and defamatory

21   comments about him.  (*Id.*)  He has sued the Department of the Navy, NAVSEA, and

22   Southwest Regional Maintenance Center of the Naval Systems Command ("SWRMC")—a

23   governmental agency that's associated with NAVSEA.  (Docket no. 1.)  He has also sued

24   Rebecca Kubera, James Crouch, Darren Speer, Ralph Price, and Gabriela Ramos, who he

25   alleges are NAVSEA and SWRMC employees that were acting within the scope of their

26   employment at all relevant times.  (*Id.*, ¶¶ 6, 8.)

27          Beveridge asserts causes of action under 42 U.S.C. §§ 1981, 1982, and 1983, and

28   for libel, slander, fraudulent misrepresentation, unlawful retaliation/harassment, and

- 1 -

1    intentional infliction of emotional distress.  (Docket no. 1.)  He has since abandoned his

2    claims under 42 U.S.C. §§ 1981 and 1982.  (Docket no. 6, 7.)  The United States has moved

3    to dismiss, arguing: (1) Beveridge hasn't stated a claim against Ramos because he didn't

4    allege any facts involving her; (2) he hasn't stated a claim under 42 U.S.C. § 1983 because

5    it applies only to state actors, and all the defendants in this case are federal actors; and (3)

6    he can't assert tort claims against the individual defendants, because the waiver of sovereign

7    immunity under the Federal Tort Claims Act ("FTCA") doesn't allow suit against United

8    States employees acting within the scope of their employment.

9    **1.      Whether Beveridge has Stated a Claim Against Ramos**

10          A 12(b)(6) motion to dismiss for failure to state a claim challenges the legal sufficiency

11    of a complaint.  Fed. R. Civ. P. 12(b)(6).  The Court must accept all factual allegations as

12    true and construe them in the light most favorable to the non-moving party—Beveridge.

13    *Cedars Sinai Med. Ctr. v. Nat'l League of Postmasters of U.S.*, 497 F.3d 972, 975 (9th Cir.

14    2007). To defeat the United States' motion to dismiss, Beveridge's factual allegations need

15    not be detailed, but they must be sufficient to "raise a right to relief above the speculative

16    level . . . ."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  That is, "[s]ome threshold

17    of plausibility must be crossed at the outset" before a case can go forward. *Id.* at 558

18    (quotation omitted).  A claim has "facial plausibility when the plaintiff pleads factual content

19    that allows the court to draw the reasonable inference that the defendant is liable for the

20    misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  While the Court must draw

21    all reasonable inferences in Beveridge's favor, it need not "necessarily assume the truth of

22    legal conclusions merely because they are cast in the form of factual allegations." *Warren*

23    *v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003) (quotation omitted).

24          Beveridge hasn't made any factual allegations about Ramos.  Thus, he hasn't pled

25    "factual content that allows the court to draw the reasonable inference that" she is liable for

26    any of the causes of actions leveled against her in the complaint.  *Iqbal*, 556 U.S. at 678

27    (2009).  The claims against Ramos are **DISMISSED WITH LEAVE TO AMEND**.  *See Zitter*

28    *v. Denhler*, 2011 WL 2119292, at *2 (W.D. Ky. May 26, 2011) ("Because Plaintiff has  not

1  alleged any facts involving Denhler or Orr, the complaint fails to state any claims for relief

2  against them, and the claims against these Defendants will be dismissed."); *see also Lange*

3  *v. Grissom*, 2006 WL 1455441, at *4 (E.D. Cal. May 25, 2006).

4  **2.      Whether Beveridge can State a 42 U.S.C. § 1983 Claim Against Federal Actors**

5          Section 1983, "only provides a remedy against persons action under color of State

6  or local law." *Ibrahim v. Dep't of Homeland Sec.*, 538 F.3d 1250, 1257 (9th Cir. 2008).  It

7  cannot provide a remedy against federal defendants unless there's a "sufficiently close

8  nexus between the State and the challenged action of the federal actors so that the action

9  of the latter may be fairly treated as that of the State itself."  *Id.* (internal brackets and

10  quotation marks omitted).  Every defendant is a federal employee or federal agency.  *Butts*

11  *v. Dep't of the Navy*, 2014 WL 879351, at *6 (E.D. Va. Mar. 5, 2014) (Department of the

12  Navy); *Beatty v. Thomas*, 2005 WL 1667745, at *1 (E.D. Va. June 13, 2005) (describing

13  NAVSEA as "an activity within the Department of the Navy"); (Docket no. 1, ¶ 5 (describing

14  SWRMC as an "activity associated with NAVSEA")); *id.*, ¶ 6 (alleging the individual

15  defendants were acting as employees for NAVSEA and SWRMC at all relevant times).

16  Beveridge alleges no facts to establish a close nexus between the State and the defendants.

17  Thus, his § 1983 claim is **DISMISSED WITH LEAVE TO AMEND.**

18  **3.      Whether Beveridge can Maintain Tort Claims Against the Individual Defendants**

19          When a federal employee is sued for a wrongful or negligent act, the Attorney General

20  may certify that the employee was acting within the scope of his office or employment at the

21  time of the incident out of which the claim arose. 28 U.S.C. §2679(d)(1) & (2). Upon

22  certification, the defendant employee is dismissed from the action and the United States is

23  substituted as defendant.  *Id.*  "Certification by the Attorney General is a prima facie

24  evidence that a federal employee was acting in the scope of his employment at the time of

25  the incident and is conclusive unless challenged." *Billings v. United States* 57 F. 3d 797, 800

26  (9th Cir. 1995).  Here, the Attorney General didn't provide a certification until the United

27  States filed its reply brief.  But Beveridge alleged in his complaint that "at all times relevant"

28  they "were acting as employees and agents for Defendants NAVSEA and SWRMC."

1   (Docket no. 1 at ¶ 6.)  And the United States' motion to dismiss states that it should be

2   substituted in as defendant. (Docket no. 7).  Since it matches the allegation in Beveridge's

3   complaint, the Court construes the United States' statement as certification that the

4   individual defendants were acting in the scope of their employment at the time of the alleged

5   events.  *See Teal v. United States*, 2007 WL 542243, at *13 (N.D.W. Va. Feb. 16, 2007).

6   The individual defendants are dismissed and the United States is substituted in as a

7   defendant.

8   **4.      Conclusion**

9        The United States' motion to dismiss (Docket no. 5) is **GRANTED**.  Beveridge must

10  file an amended complaint that is consistent with this order no later than May 25, 2015.

11      **IT IS SO ORDERED**.

12  DATED:  May 10, 2016

13  *Lary A. Burns*

14  **HONORABLE LARRY ALAN BURNS**
    United States District Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 4 -                                                                        15cv2209